IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

04 10862 GAO

| | |
|---|---|
| JOSEPH E. MCCAIN,<br>PLAINTIFF,<br><br>VS.<br><br>THE CITY OF NEWBURYPORT,<br>THOMAS H. HOWARD, INDIVIDUALLY AND AS<br>CITY MARSHALL FOR THE CITY OF NEWBURYPORT,<br>BRIAN BRUNAULT AND NEXTEL COMMUNICATIONS OF<br>THE MID ATLANTIC, INC.,<br>DEFENDANTS. | )<br>)<br>)<br>)<br>) MAGISTRATE JUDGE<br>)<br>)<br>) RECEIPT # 55618<br>) AMOUNT $150<br>) SUMMONS ISSUED YES<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 4-30-04 |

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, Joseph E. McCain, brings this action against Defendants, the City of Newburyport, Thomas H. Howard, individually and in his capacity as City Marshall for the City of Newburyport, Brian Brunault individually and in his capacity as a police officer with the City of Newburyport, and Nextel Communications of the Mid Atlantic, Inc., for violation of his rights, privileges and immunities as secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution; violations of the Electronic Communication Privacy Act, 18 U.S.C. sec. 2701, *et. seq.*, and other tort actions.

### PARTIES

1.  Plaintiff, Joseph E. McCain ("McCain") is a citizen of the United States of America and is a resident of Somerville, Middlesex County, Massachusetts.

2. Defendant, City of Newburyport, is an independent body politic and political subdivision of the Commonwealth of Massachusetts.

3. Defendant, Thomas H. Howard, in his capacity as City Marshall for the City of Newburyport, is and at all relevant times was the City Marshall (a position similar to Chief of Police in other towns and municipalities in the Commonwealth of Massachusetts) for the City of Newburyport. City Marshall Howard is sued individually and in his official capacity. Upon information and belief he resides in the Commonwealth of Massachusetts.

4. Defendant, Brian Brunault ("Inspector Brunault") is an individual, on information and belief resides in the Commonwealth of Massachusetts, and at all relevant times was an employee, agent and police officer of the City of Newburyport. Inspector Brunault is sued individually and in his official capacity.

5. Defendant, Nextel Communications of the Mid Atlantic, Inc. ("Nextel"), is a provider of communication services and is a Virginia Corporation doing business in the Commonwealth of Massachusetts with a Resident Agent at Corporation Service Company, 84 State Street, Boston, Massachusetts.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and 18 U.S.C. § 2707.

7. Plaintiffs further invoke pendent jurisdiction of this Court to hear and decide claims arising under state laws.

8. Venue is proper in this district because it is where both the Plaintiffs and Defendants reside and where the events complained of occurred.

## FACTS

9. Nextel issued to Joseph E. McCain Investigative Services ("McCain") a cellular telephone, account number 181772219/phone number 617-590-6465, and agreed to provide McCain with cellular telephone service.

10. Nextel billed McCain at his home, 96 Ossipee Road, Somerville, Massachusetts, for the phone and McCain used this phone for personal and professional purposes.

11. On or about April 3, 2003, Inspector Brian Brunault of the City of Newburyport, Massachusetts, police department caused an Administrative Subpoena to be issued to Nextel seeking records for the McCain account from November 8, 2002 to November 10, 2002. A copy of the Administrative Warrant is attached hereto and incorporated herein as Exhibit 1.

12. The Administrative Warrant Request Form provides as follows:

> Chapter 271, sec 17B requires that District Attorney issuing administrative subpoena have belief that the telephone or beeper is being used to a crime. An Administrative subpoena may not be used to obtain evidence, or to locate a person, unless there is a reason to believe that the telephone or beeper is being used in furtherance of criminal activity. Summarize below the basis of your belief that the telephone or beeper is being used to commit a crime.
> ***THIS SECTION MUST BE COMPLETED IN DETAIL.***

Exhibit A (emphasis in original).

13. Inspector Brunault did not complete the section requiring him to state in detail "the basis for [his] belief that the telephone or beeper is being used to commit a crime" and served the Administrative Warrant in blank.

14. Moreover, neither the district attorney nor his representative approved or signed the Administrative Warrant as required by G.L. c. 271, sec. 17B.

15. At the time Inspector Brunault sought the Administrative Warrant, he did not have any knowledge that McCain was using the telephone to commit a crime and was not investigating McCain for any criminal activity.

16. Notwithstanding the obvious deficiencies of the Administrative Warrant, Nextel nevertheless complied with the warrant and delivered McCain's private Nextel account information to law enforcement officials.

17. McCain, at all times relevant hereto was and is a Detective Sergeant with the Somerville police department and used his telephone for personal business, to communicate with confidential informants and to communicate with federal and state law enforcement officials.

18. McCain fears that the disclosure of his phone records could and did place him, those informants and other law enforcement officials in jeopardy. It also diminished his ability to efficiently perform his duties as a police officer. Moreover, by unlawfully disclosing McCain's personal account information, Nextel has invaded McCain's right to privacy and has aided and abetted Inspector Brunault and the City of Newburyport in depriving McCain of his constitutional and civil right to be free from unlawful search and seizure.

19. The City of Newburyport maintained a custom, policy and practice of inadequately monitoring officers in their police duties and failing sufficiently to discipline officers who engage in unconstitutional and unlawful practices as engaged in by Inspector Brunault.

20. City Marshall Howard, in his capacity as City Marshal maintained a custom, policy and practice as City Marshall of the City of Newburyport of failing to

properly screen, train and supervise officers, inadequately monitoring officers in their police duties and failing to sufficiently to discipline those who engage in such unconstitutional and unlawful practices as engaged in by Inspector Brunault.

21. The City of Newburyport and/or City Marshall Howard knew or should have known that Inspector Brunault prior to April 3, 2003, had engaged in violations of the constitutional rights of citizens and further failed to properly train and/or discipline Inspector Brunault so as to prevent further violations by Inspector Brunault of citizens' constitutional rights.

22. As a direct and proximate result of the conduct of the Defendants, as alleged herein, the Plaintiff was deprived of his legally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiffs have also been deprived of these rights in violation of 42 U.S.C. §1983.

## COUNT I
### Plaintiff v. City of Newburyport
### Violation of Federal Civil Rights Under 42 U.S.C. § 1983

23. Plaintiff hereby repeats and incorporates Paragraphs 1 – 22 as if fully set forth herein.

24. At all relevant times, the City of Newburyport acted under color of law.

25. The City of Newburyport's failure to supervise and train Inspector Brunault in the lawful use of his police powers and proper procedures for obtaining an individual's personal information, amounts to negligence and/or gross negligence and a deliberate indifference to civil rights of the citizens, including the Plaintiff. This negligence and/or gross negligence was a proximate cause of the injuries suffered by the Plaintiff.

26. The City of Newburyport is directly liable and responsible for the acts of Inspector Brunault because it continued to employ him in the capacity of police officer, after it knew or should have known that Inspector Brunault had violated constitutional rights of others.

27. As a direct and proximate result of the above unlawful and malicious acts of Inspector Brian Brunault and as a direct and proximate result of the conduct of the City of Newburyport, Plaintiff incurreed mental and emotional pain and suffering all of which is in violation of his rights under the laws of the constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff v. The City of Newburyport**
**Violation of 18 U.S.C. sec. 2703(c)**

28. Plaintiff hereby repeats and incorporates Paragraphs 1 – 27 as if fully set forth herein.

29. 18 U.S.C. sec. 2703(c) provides that a "governmental entity may require the provider of electronic communication service . . . to disclose a record or other information pertaining to a subscriber or customer of such service (not including the contents of the communication) only when the governmental entity . . . uses an administrative subpoena authorized by a Federal or State statute . . ."

30. Massachusetts General Laws, c. 271, sec. 17B, is the Massachusetts State Statute governing the issuance of administrative subpoenas and requires the requestor set forth in writing his "belief that the telephone or beeper is being used to commit a crime." Section 17B further requires that a district attorney approve and sign the administrative warrant.

31. The administrative warrant issued by Inspector Brunault to Nextel did not set forth Inspector Brunault's belief that the telephone or beeper was being used to commit a crime and was not approved by or signed by a district attorney.

32. Nextel provided Inspector Brunault with the Plaintiff's electronic information based on an administrative warrant that failed to comply with G.L. c. 271, sec. 17B.

33. Therefore the City of Newburyport, acting through Inspector Brunault, violated 18 U.S.C. sec. 2703(c) by willfully soliciting information from a communications provider without complying with the legal processes specified in that statute.

34. The Plaintiff seeks actual damages, punitive damages, statutory damages, as well as his attorney's fees and costs pursuant to 18 U.S.C. sec. 2707(b)-(c).

### Count III
### Plaintiff v. Marshall Howard
### Violation of Federal Civil Rights Under 42 U.S.C. § 1983

35. Plaintiffs hereby repeat and incorporate Paragraphs 1 – 34 as if fully set forth herein.

36. At all relevant times, Marshall Howard acted under color of law.

37. Marshall Howard's conduct amounts to negligence/gross negligence and a deliberate indifference to the constitutional rights of citizens including the Plaintiffs.

38. As the direct and proximate cause of Marshall Howards' conduct as alleged herein the Plaintiff incurred mental and emotional pain and suffering and was deprived of his legally protective rights under the Fourth and the Fourteenth Amendments

to the United States Constitution. The Plaintiffs have also been deprived of these rights in violation of 42 U.S.C. § 1983.

### COUNT IV
### Plaintiffs v. Inspector Brian Brunault
### Violation of Federal Civil Rights Under 42 U.S.C. § 1983

39. Plaintiffs hereby repeat and incorporate Paragraphs 1 - 38 as if fully set forth herein.

40. At all relevant times, Inspector Brian Brunault acted under color of state law as a police officer of the City of Newburyport.

41. Inspector Brian Brunault deprived the Plaintiff of his rights, privileges or immunities secured by the Constitution and laws.

42. Inspector Brian Brunault deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of the above unlawful and malicious acts of Inspector Brian Brunault, Plaintiff incurred mental and emotional pain and suffering all of which is in violation of his rights under the laws of the constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

44. Inspector Brian Brunault's conduct was motivated by evil motive or intent or in reckless or callous indifference to Plaintiff's federally protected rights.

### COUNT V
### Plaintiffs v. Inspector Brian Brunault
### Violation of 18 U.S.C. sec. 2703(c)

45. Plaintiff hereby repeats and incorporates Paragraphs 1 – 44 as if fully set forth herein.

46. 18 U.S.C. sec. 2703(c) provides that a "governmental entity may require the provider of electronic communication service . . . to disclose a record or other information pertaining to a subscriber or customer of such service (not including the contents of the communication) only when the governmental entity . . . uses an administrative subpoena authorized by a Federal or State statute . . ."

47. Massachusetts General Laws, c. 271, sec. 17B, is the Massachusetts State Statute governing the issuance of administrative subpoenas and requires the requestor set forth in writing his "belief that the telephone or beeper is being used to commit a crime." Section 17B further requires that a district attorney approve and sign the administrative warrant.

48. The administrative warrant issued by Inspector Brunault to Nextel did not set forth Inspector Brunault's belief that the telephone or beeper was being used to commit a crime and was not approved or signed by a district attorney.

49. Nextel provided Inspector Brunault with the Plaintiff's electronic information based on an administrative warrant that failed to comply with G.L. c. 271, sec. 17B.

50. Therefore Inspector Brunault violated 18 U.S.C. sec. 2703(c) by willfully soliciting information from a communications provider without complying with the legal processes specified in that statute.

51. The Plaintiff seeks actual damages, punitive damages, statutory damages, as well as his attorney's fees and costs pursuant to 18 U.S.C. sec. 2707(b)-(c).

## COUNT VI
### Plaintiff v. Inspector Brian Brunault;
### Invasion of Privacy in Violation of G.L. c. 214. sec. 1B

52. Plaintiff hereby repeats and incorporates Paragraphs 1 – 51 as if fully set forth herein.

53. Inspector Brunault's unlawful seizure of the Plaintiff's private phone records constitutes an unreasonable, substantial and serious interference with the Plaintiff's right to privacy.

54. The Plaintiff has been harmed by Inspector Bruanault's invasion of his privacy.

## COUNT VII
### Plaintiff v. Inspector Brian Brunault
### Negligent Infliction of Emotional Distress

55. Plaintiff hereby repeats and incorporates paragraphs 1 - 54 as if fully set forth herein.

56. Inspector Brunault was negligent in the performance of his duty as a police officer for the City of Newburyport.

57. Plaintiff suffered emotional distress that was a reasonable foreseeable result of Inspector Brunault's conduct.

58. Plaintiff suffered severe emotional distress as a result of Inspector Brunault's negligence.

## COUNT VIII
### Plaintiff v. Nextel Communications, Inc.
### Violation of 18 U.S.C. sec. 2703(c)

59. Plaintiff hereby repeats and incorporates Paragraphs 1 – 58 as if fully set forth herein.

60. 18 U.S.C. sec. 2703(c) provides that a "governmental entity may require the provider of electronic communication service . . . to disclose a record or other information pertaining to a subscriber or customer of such service (not including the contents of the communication) only when the governmental entity . . . uses an administrative subpoena authorized by a Federal or State statute . . ."

61. Massachusetts General Laws, c. 271, sec. 17B, is the Massachusetts State Statute governing the issuance of administrative subpoenas and requires the requestor set forth in writing his "belief that the telephone or beeper is being used to commit a crime." Section 17B further requires that a district attorney approve and sign the administrative warrant.

62. The administrative warrant issued by Inspector Brunault to Nextel did not set forth Inspector Brunault's belief that the telephone or beeper was being used to commit a crime and was not approved or signed by a district attorney.

63. Nextel provided Inspector Brunault with the Plaintiff's electronic information based on an administrative warrant that failed to comply with G.L. c. 271, sec. 17B.

64. Therefore Nextel violated 18 U.S.C. sec. 2703(c) by willfully providing information to a law enforcement agency by relying on a facially invalid administrative warrant that failed to comply with the legal processes specified in 18 U.S.C. sec. 2703(c) and G.L. c. 271, sec. 17B.

65. The Plaintiff seeks actual damages, punitive damages, statutory damages, as well as his attorney's fees and costs pursuant to 18 U.S.C. sec. 2707(b)-(c).

## COUNT IX
### Plaintiff v. Nextel Communications, Inc.
### Invasion of Privacy in Violation of G.L. c. 214. sec. 1B

66. Plaintiff hereby repeats and incorporates Paragraphs 1 – 65 as if fully set forth herein.

67. Nextel Communications dissemination of the Plaintiff's private phone records to Inspector Brunault in violation of 18 U.S.C. sec. 2703(c), constitutes an unreasonable, substantial and serious interference with the Plaintiff's right to privacy.

68. The Plaintiff has been harmed by Inspector Brunault's invasion of his privacy.

## COUNT X
### Plaintiff v. Nextel Communications, Inc.
### Negligent Infliction of Emotional Distress

69. Plaintiff hereby repeats and incorporates paragraphs 1 - 68 as if fully set forth herein.

70. Nextel Communications negligently provided the Plaintiff's phone records to Inspector Brunault and breached its duty to the Plaintiff to comply with the federal laws governing the provision of such information.

71. Plaintiff suffered emotional distress that was a reasonable foreseeable result of Nextel Communication's negligence.

## COUNT XI
### Plaintiff v. Nextel Communications, Inc.
### Violation of G.L. c. 93A, sec. 9

72. Plaintiff hereby repeats and incorporates paragraphs 1 - 71 as if fully set forth herein.

73. On March 17, 2004, the Plaintiff, through counsel, sent Nextel Communications a demand pursuant to G.L. c. 93A, sec. 9.

74. Nextel has failed to tender a written response or offer of settlement to the Plaintiff's G.L. c. 93A letter.

75. Nextel Communications actions, as detailed herein, constitute a knowing and willful violation of G.L. c. 93A, in that Nextel failed to comply with federal law governing the dissemination of electronic information to law enforcement authorities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That this Court award him compensatory damages against all Defendants;

2. That this Court award him punitive damages against all Defendants pursuant to 18 U.S.C. sec. 2707(c);

3. That this Court award double or treble damages pursuant to G.L. c. 93A;

4. That this Court award him reasonable attorneys fees against all Defendants;

5. That this Court award him costs against all Defendants;

6. That this Court award the Plaintiff injunctive relief, pursuant to 18 U.S.C. sec. 2707(b)(1) and G.L. c. 93A § 9(1), and enter an injunction prohibiting the Defendants from disseminating his confidential electronic information; and,

7.  That this Court award him any other relief as this Court deems just and fair.

                        Respectfully submitted,

                        Joseph E. McCain,
                        By his attorneys,

_____
Joseph T. Doyle, Jr. Esq. BBO # 133440
Matthew W. Perkins, Esq. BBO # 564868
Lecomte, Emanuelson & Doyle
1250 Hancock Street, Suite 815N
Quincy, MA 02169
(617) 328-1900
(617) 328-2030 facsimile

10/14/98  16:19  ☎978 741 4971  EASTERN DA-SALEM → → → NEWBURYPORT PD  ☒003/003

## ADMINISTRATIVE SUBPOENA REQUEST FORM
### Essex County District Attorney's Office
(Fax Completed form to (978) 741-4971)

| Date: 4-2-03 | Name of Requesting Police Officer: BRIAN BRUNAULT |
|---|---|
| Police Department: Newburyport Police | Unit/Bureau: Inspector |
| Telephone Number: 978-465-8762 | Fax Number: |
| Address: 4 Green Street | |

**Complete This Section Only If You Are Seeking Information About A Pager Or AOL**

| Pager Number: (If Known) | Subscriber's Name: (If Known) |
|---|---|
| Subscribers Address: (If Known) | Pager Company: (If Known) |
| Date Alleged Crime Took Place: (If Known) | AOL Screen Name: (If Known) |

**Complete This Section Only If You Are Seeking Information About A Telephone**

| Telephone Number: 617-590-6465 / 617-625-6214 (If Known) | Subscriber's Name: (If Known) |
|---|---|
| Location Of Telephone: (If Known) | Name Of Telephone Co.: (If Known) |
| Date Alleged Crime Took Place: (If Known) | Check Applicable Boxes: Seeking: ☐ Subscriber Information  ☐ Toll Records |

(For Toll Requests Only)
Seeking Tolls Records For: The Last ___ Billing Cycles, Or From 11/8/02 to 11/10/02

Chapter 271, § 17B requires that District Attorney issuing administrative subpoena have belief that the telephone or beeper is being used to commit a crime. An Administrative subpoena may not be used to obtain evidence, or to locate a person, unless there is reason to believe that the telephone or beeper is being used in furtherance of criminal activity. Summarize below the basis of your belief that the telephone or beeper is being used to commit a crime.
*THIS SECTION MUST BE COMPLETED IN DETAIL.*

[DEFENDANT'S EXHIBIT stamp]

(For Use By District Attorney's Office)

| Approved By: | Date: / / |
|---|---|