UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------x
Joseph E. McCain,                              :

         Plaintiff,              :

vs.                                            :   CASE NO. 04-10862-GAO

The City of Newburyport,                       :
Thomas H. Howard, Individually and as
City Marshall for the city of Newburyport,     :
Brian Brunault and Nextel Communications of the
Mid-Atlantic, Inc.                             :

        Defendants.              :

------------------------------x

## DEFENDANT NEXTEL COMMUNICATIONS OF THE MID ATLANTIC, INC.'S MOTION TO DISMISS

Defendant Nextel Communications of the Mid Atlantic, Inc. ("Nextel"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, in lieu of an answer, respectfully moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss all counts of the Complaint asserting causes of action against Nextel (specifically, Counts VIII, IX, X and XI) on the grounds that none states a claim upon which relief may be granted. In support of its Motion, Nextel states as follows:

    1.    This action arises out of Nextel's compliance with a demand by government officials for certain telephone records. Plaintiff claims that he was damaged by Nextel's provision of information in response to the demand. Based upon these allegations, plaintiff asserts four claims for relief against Nextel. Nextel, however, enjoys a statutory privilege and cannot be liable for providing information to government officials pursuant to a legislatively authorized demand for such information. 18 U.S.C. § 2703(e).

2. The federal Electronic Communications Privacy Act ("ECPA") provides that "no cause of action shall lie in any court" against providers of electronic services such as Nextel "for providing information . . . in accordance with the terms of a court order, warrant, subpoena, statutory authorization or certification under this statute." 18 U.S.C. § 2703. The Massachusetts legislature has established a statutory authorization for certain offices of the executive branch to obtain records from such providers. See M.G.L. c. 271, § 17B. Plaintiff's claim that Nextel's compliance with such a demand violated the ECPA fails because, even assuming the "warrant" attached to the Complaint was sent to Nextel, that demand complies with the state statute. As such, Nextel is immune from liability under the ECPA.

3. Plaintiff has also failed to meet the minimum pleading requirements to state a claim under the various state causes of action he asserts.

4. Plaintiff's claim for invasion of privacy under M.G.L. c. 214, § 1B fails because he has not alleged facts supporting either that Nextel disclosed highly personal information, or that it did so with the requisite intent. See Bratt. v. International Business Machines, Inc., 392 Mass. 508, 518 (1984); Tivnan v. Registrar of Motor Vehicles, 50 Mass. App. Ct. 96, 102 (2000). Moreover, the Complaint alleges that Nextel issued the cellular telephone at issue to Joseph E. McCain Investigative Services, and agreed to supply that entity with cellular services. Plaintiff brought this lawsuit only as an individual, and not on behalf of Joseph E. McCain Investigative Services.

5. Plaintiff's claim for negligent infliction of emotional distress fails because he has not alleged that he suffered any physical injury as a result of Nextel's actions. See Jacome v. Commonwealth, 56 Mass. App. Ct. 486, 492 (2002).

6. Finally, plaintiff's claim under M.G.L. c. 93A fails because Nextel's compliance

with the government demand for information was not a "transaction" within the statute and, in any event, was neither unfair nor deceptive.

7. Accordingly, even reading the Complaint in the light most favorable to plaintiff, the Complaint fails to state any cause of action upon which relief may be granted as against Nextel.

8. In further support of its Motion, Nextel respectfully submits the accompanying Memorandum of Law.

**WHEREFORE**, Nextel respectfully requests this Honorable Court:

A. Dismiss all counts in the complaint purporting to state claims against Nextel, and specifically Counts VIII, IX, X and XI; and,

B. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID ATLANTIC, INC.**

By its Attorneys,

**DEVINE, MILLIMET & BRANCH PROFESSIONAL ASSOCIATION**

Dated: June 23, 2004

By:_____
Steven E. Grill, Esquire (*pro hac vice* admission sought herewith)
Brian J.S. Cullen, Esquire (BBO # 566953)
111 Amherst Street, P.O. Box 719
Manchester, New Hampshire 03105
Telephone: (603) 669-1000
Facsimile: (603) 626-6008

3

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of June, 2004, a copy of the foregoing Motion to Dismiss has been forwarded to Joseph T. Doyle, Jr., Esquire, Lecomte, Emanuelson & Doyle, 1250 Hancock Street, Suite 315N, Quincy, MA 02169, counsel for plaintiff, by first class mail.

_____
Brian J.S. Cullen, Esquire

J:\wdox\docs\clients\10339\70383\M0600431.DOC