UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------x
Joseph E. McCain,              :
                               :
         Plaintiff,            :
                               :
   vs.                         :    CASE NO. 04-10862-GAO
                               :
The City of Newburyport,       :
Thomas H. Howard, Individually and as
City Marshall for the city of Newburyport, :
Brian Brunault and Nextel Communications of the
Mid-Atlantic, Inc.             :
                               :
         Defendants.           :
------------------------------x
```

FILED
IN CLERKS OFFICE
2004 JUN 25  A 11: 25
U.S. DISTRICT COURT
DISTRICT OF MASS.

## DEFENDANT NEXTEL COMMUNICATIONS OF THE MID ATLANTIC, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Nextel Communications of the Mid Atlantic, Inc. ("Nextel"), respectfully submits this memorandum of law in support of its Motion to Dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

This action arises out of Nextel's compliance with a request by government officials for certain telephone records. Because Nextel is alleged to have provided information as requested, plaintiff claims that he was damaged, and asserts four claims for relief against Nextel. Nextel, however, enjoys statutory privilege and cannot be liable for providing information to government officials. Accordingly, even reading the Complaint in the light most favorable to plaintiff, the Complaint fails to state any cause of action upon which relief may be granted as against Nextel.

## FACTS

The Complaint alleges that Nextel issued to Joseph E. McCain Investigative Services a cellular telephone and agreed to supply that entity with cellular services. Complaint ¶9. Plaintiff claims that he used the Nextel telephone for personal as well as business purposes. Complaint ¶10. He also alleges that, as an officer with the Somerville Police Department, he used this business phone to communicate with confidential informants and to communicate "with state and federal law enforcement officials." Complaint ¶17.

Significantly, plaintiff brought this lawsuit only as an individual, and not on behalf of Joseph E. McCain Investigative Services. Complaint ¶2. He has, however, defined both himself individually and the business entity as "McCain" within the complaint, *see* ¶¶1, 9, thus blurring the real party in interest with respect to many of the allegations. *See, e.g.,* Complaint ¶18 ("McCain fears that the disclosure of *his* phone records could and did place *him* ... in jeopardy") (emphasis added). His Complaint does not reveal his relationship with the entity bearing his name.

In any event, plaintiff claims that in early April 2003, an inspector from the Newburyport Police Department "caused an Administrative Subpoena to be issued to Nextel seeking records for the McCain account" for three days in November, 2002. Complaint ¶11. He attaches to the Complaint what he identifies as the "Administrative Subpoena," but which he also sometimes calls an "Administrative Warrant." *See, e.g.,* Complaint ¶13. The attached document, however, is facially neither a subpoena nor a warrant, but rather an internal Essex County District Attorney's Office request form to be completed by the police prior to the issuance of such a subpoena. *See* Complaint ¶11 and Exhibit 1 thereto.

2

Plaintiff alleges that this "subpoena" or "warrant" did not comply with state requirements because it was not signed by the District Attorney or his representative and did not set out the basis for believing that the telephone was used to commit a crime. Complaint ¶¶13, 14. He also asserts that Nextel provided the Newburyport Inspector with "McCain's private Nextel account information" on the strength of the so-called "warrant." Complaint ¶16. He thus complains that Nextel invaded <u>his</u> right to privacy "by disclosing <u>his</u> personal account information." Complaint ¶18 (emphasis added). He also asserts that the disclosure of these records diminished his ability to perform his job as a police officer in Somerville. Complaint ¶18.

In Count VIII of his Complaint, plaintiff asserts that Nextel violated a federal statute, 18 U.S.C. § 2703(c), by complying with the "facially invalid administrative warrant." Complaint ¶64. In Count IX, he asserts that Nextel invaded his privacy by "dissemination of the plaintiff's private phone records" in violation of M.G.L. c. 214 §1B. Complaint ¶ 67. In Count X, plaintiff asserts a claim of negligent infliction of emotional distress based by breaching "its duty to the plaintiff to comply with federal laws governing the provision of such records." Complaint ¶¶70-71. Finally, in Count XI, plaintiff asserts that Nextel's compliance with the "warrant" violated M.G.L. c 93A § 9.

## ARGUMENT

A defendant is entitled to dismissal of the plaintiff's complaint under Rule 12(b)(6) of the Rules of Civil Procedure if the complaint fails to state a claim upon which relief may be granted. *Bristol Energy Corp. v. State of N.H. Pub. Util.*, 13 F.3d 471, 477 (1st Cir. 1994). The purpose of the rule is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "Dismissal may be based on the lack of a cognizable legal theory or the

3

absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). "[T]o avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 594 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). *Accord Serrano v. Torres*, 764 F.2d 47, 48 (1st Cir. 1985)).

Although the court must accept the facts pled in the light most favorable to the plaintiff and draw all reasonable inferences in his favor, *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1, 6 (1st Cir. 2002), "'[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry*, 954 F.2d at 281 (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). "This Court is obliged neither to 'credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,'" *Day v. Fallon Community Health Plans, Inc.*, 917 F.2d 72, 75 (D. Mass. 1996) (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990)), "nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *Id.* (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989)). Here, plaintiff's claims against Nextel rest on just such flawed allegations. Moreover, even taken as true, plaintiff has failed to set forth sufficient, non-conclusory facts to support a claim under any cognizable legal theory, particularly in light of the statutory privileges that Nextel enjoys. Accordingly, each of the claims against Nextel must be dismissed.

I. **Count VIII of the Complaint Fails to State a Claim under 18 U.S.C. § 2703(c)**

Plaintiff's first claim is brought under the federal Electronic Communications Privacy Act (the "ECPA") and rests entirely on the conclusory – but incorrect – assertion that the document attached to the Complaint is either an administrative subpoena or a warrant. Because

4

the allegation is facially incorrect, this court need not accept it as true for the purposes of this motion. *See Day*, 917 F.Supp. at 75 (court "will not accept unsupported conclusions") (citing *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993)). Even were this court to consider the request form an administrative subpoena, however, the ECPA bars recovery by plaintiff.

The ECPA requires a provider of electronic communications services such as Nextel to "disclose to a governmental entity" the name, address, local and long distance telephone connection records of a subscriber or customer when the governmental entity uses an administrative subpoena authorized by either a federal or state statute. 18 U.S.C. § 2703(c)(2). The ECPA expressly immunizes a provider from lawsuits for such disclosures: "[n]o cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter." 18 U.S.C. § 2703(e). *See also* 18 U.S.C. § 2707 (authorizing a private cause of action "*[e]xcept as provided in section 2703(e)*") (emphasis added).

As contemplated by the ECPA, Massachusetts has a specific statute authorizing such subpoenas, codified at General Laws c. 271, §17B. This statute provides in pertinent part:

> Whenever the attorney general or a district attorney has reasonable grounds for belief that the service of a common carrier ... is being or may be used for an unlawful purpose he may, acting within his jurisdiction, demand all the records in the possession of such common carrier relating to any such service. Such common carrier shall forthwith deliver to the attorney general or district attorney all the records so demanded. No such common carrier or employee shall be civilly or criminally responsible for furnishing any records or information in compliance with said demand.

*Id.*

Here, even accepting that the request form annexed to the Complaint was the "demand" in this case, it complies with the state statute. Contrary to plaintiff's assertion, the statute contains no requirement that the demand disclose the purpose of or basis for the demand. M.G.L. c. 271 § 178.[1] Indeed, while the statute declines to establish any specific form for the demand, case law suggests that the demand can be in a simple letter form. *See Commonwealth v. Vinnie*, 428 Mass. 161, 178 (1998). In addition, while a demand may not be signed and issued by a police officer, *Commonwealth v. Feodoroff*, 43 Mass. App. Ct. 725, 727-28, *rev. denied*, 426 Mass. 1107 (1997), the statute contains no signature requirement.

Absent a willingness by this Court to engage in considerable judicial expansion of the requirements of the state law, the Complaint does not state a claim under § 2703. Nextel complied with a statutorily-authorized demand for information. As such, Count VIII must be dismissed.

## II. Count IX of the Complaint Fails to State a Claim for Invasion of Privacy under M.G.L. c. 214 § 1B

Plaintiff fails to allege sufficient facts to state a statutory claim for invasion of privacy under Massachusetts law. The statute cited by the plaintiff provides a right of action for invasion of privacy only where the plaintiff suffers an "unreasonable, substantial or serious deprivation of his privacy." M.G.L. c. 214, § 1B. An invasion of privacy claim based on disclosure of information requires plaintiff to plead and prove that defendant disclosed "highly personal or intimate" information without a "legitimate, countervailing interest." *Bratt v. International*

---

[1] As a practical matter, imposing such a requirement would require the carrier to assess whether the investigator had a reasonable basis for seeking the records prior to supplying responsive documents. This determination is a uniquely judicial one, and providers would necessarily seek a court determination of compliance in every case or face the dual threats of civil exposure for compliance or contempt proceedings for non-compliance. The proper means of controlling the demands is not to place the burden on service providers, but to suppress evidence gained from unsupported subpoenas in the context of the criminal trial. *See Vinnie*, 428 Mass. at 178. Moreover, as a public safety matter, requiring that the investigator's basis for seeking the records be disclosed to the

*Business Machines Corp.*, 392 Mass. 508, 518 (1984). Moreover, invasion of privacy is an intentional tort. *See Tivnan v. Registrar of Motor Vehicles*, 50 Mass. App. Ct. 96, 102 (2000). Plaintiff's bare assertion that Nextel disseminated his "private phone records" in response to a request by government officials satisfies none of these elements.

What is more, plaintiff's claim that Nextel disclosed his "private phone records," Complaint ¶67, is belied by his admission that these records were of a telephone for his company, not him personally. Complaint ¶9. Moreover, his allegations cannot support any conclusion that the calls were "highly personal or intimate." To the contrary, plaintiff alleges that he used the Joseph A. McCain Investigative Services' telephone to communicate with confidential informants and "federal and state law enforcement officials." His communications with informants and law enforcement cannot by "highly personal" as they are business calls, apparently made on behalf of the Somerville Police Department. *See Attorney General v. Asst. Commissioner of the Real Property Dept.*, 380 Mass. 623, 627 (1980) (long distance calls made from the mayor's office may be subject to public records disclosure). Even if some of the calls included in the register of information supplied by Nextel were personal, plaintiff makes no allegation that such calls were highly personal or that he can overcome the countervailing interest of the government in obtaining records of such calls.

Moreover, and fatal to his claim, plaintiff has alleged no facts that would support a finding that Nextel was aware that any of the records of his business telephone were private or that it intended to invade his privacy. It would require an "unwarranted deduction of fact" to deem the allegations adequate to state a claim for invasion of privacy. This Count must also be dismissed.

---

provider would seriously compromise the investigations into criminal activity, the very issue that the plaintiff claims to fear.

### III. Count X of the Complaint Fails to State a Cause of Action for Negligent Infliction of Emotional Distress

A negligent infliction of emotional distress claim lies only where the plaintiff suffers some physical manifestation of his emotional harm. *Gutierrez v. Mass. Bay Transportation Authority*, 437 Mass. 396, 413 (2002) (citing *Sullivan v. Boston Gas. Co.*, 414 Mass. 129, 135-39 (1993)). To properly plead such a claim, plaintiff must plead and prove that he did, in fact, suffer such a physical manifestation. *See Jacome v. Commonwealth*, 56 Mass. App. Ct. 486, 492 (2002) (court "doubtful" that negligent infliction of emotional distress claim could survive absent allegations of physical harm). Here, the plaintiff claims to have "feared" that the disclosure placed him and others in harm, and that he suffered emotional distress, but makes no allegation that he suffered any physical harm as result thereof. As such, this count must be dismissed.

### IV. Count XI of the Complaint Fails to State a Cause of Action under M.G.L. c. 93A

The plaintiff's fourth and final count against Nextel claims a violation of M.G.L c. 93A, § 9. This claim, too, must fail.

The Massachusetts Consumer Protection Act, codified at M.G.L. c. 93A, prohibits unfair trade practices with respect to certain transactions and provides a cause of action to those harmed by the employment of certain prohibited methods, acts or practices. *See* c. 93A, § 9(1). Those prohibited acts are defined in § 2 of the Act as "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Although "[t]here is no clear definition of what conduct constitutes an unfair or deceptive act," *Ahern v. Scholz*, 85 F.3d 774, 798 (1st Cir. 1998), "the boundaries of what may qualify for consideration as a c. 93A violation is a question of law." *Shepard's Pharmacy, Inc. v. Stop & Shop Cos.*, 37 Mass. App. Ct. 516, 520, *rev. denied*, 419 Mass. 1102 (1994) (citation omitted).

8

At minimum, to survive a motion to dismiss, plaintiff would have to allege facts suggesting that Nextel's actions involved a "transaction" within the meaning of the statute and that, in the course thereof, Nextel engaged in "dishonesty, fraud, deceit or misrepresentation." *Poly v. Moylan*, 423 Mass. 141, 151 (1996), *cert. denied*, 519 U.S. 1114 (1997). *See also Squeri v. McCarrick*, 32 Mass. App. Ct. 203, 207 (1992) ("negligent act standing by itself does not give rise to a claim under c. 93A. There must in addition be evidence that the negligence was or resulted in an unfair or deceptive act or practice"). Here, Nextel's compliance with the government demand for records was not part of any transaction between plaintiff and Nextel. *See Korper v. Weinstein*, 57 Mass. App. Ct. 433, 439 (2003) (93A applies only to business and consumer transactions). *Cf. Szalla v. Locke*, 421 Mass. 448, 451 (1995) (claim by business under § 11 requires establishment that commercial transaction existed). What is more, plaintiff fails to identify any business advantage gained by Nextel by its compliance with the demand or suggest in any manner that Nextel stood to profit there from, much less that Nextel was dishonest or fraudulent in its compliance efforts. *See Massachusetts Employee Ins. Exch. v. Propac-Mass., Inc.*, 420 Mass. 39, 42 (1995) (court's focus in assessing a c. 93A claim must be "the nature of the challenged conduct and on the purpose and effect of that conduct").

The complaint fails to assert facts that demonstrate the existence of any element required to establish c. 93A liability. Under these circumstances, plaintiff's c. 93A Count fails to state a claim and must be dismissed.

## CONCLUSION

Even taking the plaintiff's complaint in the light most favorable to him, its internal contradictions, glaring misstatements, and failure to allege any wrongdoing by Nextel in providing authorities with the telephone records of Joseph E. McCain Investigative Services is

fatal to his claims. As no count states a claim upon which relief may be granted, Nextel's motion to dismiss should be granted.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID ATLANTIC, INC.**

By its Attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: June 23, 2004      By: _____
Steven E. Grill, Esquire (*Pro Hac Vice* admission sought herewith)
Brian J.S. Cullen, Esquire (BBO #566953)
111 Amherst Street, P.O. Box 719
Manchester, New Hampshire 03105
Telephone: (603) 669-1000
Facsimile: (603) 626-6008

### CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of June, 2004, a copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss has been forwarded to Joseph T. Doyle, Jr., Esquire, Lecomte, Emanuelson & Doyle, 1250 Hancock Street, Suite 315N, Quincy, MA 02169, counsel for plaintiffs, by first class mail.

_____
Brian J.S. Cullen, Esquire

J:\wdox\docs\clients\10339\70383\M0592063.DOC2